CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
PKQ
MAY 21 2009
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL IRA NEWMAN, ) | Civil Action No. 7:09-cv-00002 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| BLUE RIDGE REGIONAL JAIL ) | |
| AUTHORITY, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Daniel Ira Newman, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Newman alleges that staff at a local correctional facility violated his constitutional rights under the Eighth and Fourteenth Amendments. This matter is presently before me for screening. After reviewing the record, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Newman alleges the following relevant facts. Newman has six broken vertebrae, a slipping disc, and a lot of pain. (Compl. 2.) Dr. Ofogh, the correctional facility doctor, refused to acknowledge his pain and had not provided x-rays while Newman was incarcerated between October and December 2008. Newman is on a concrete floor which makes his pain much worse, and he cannot climb into his subsequently assigned top bunk. Medical staff denied Newman's request for pain medications because he consumed his permitted thirty-day supply.

Newman complained about a cell mate who took showers in the sink and noisily exercised in the morning, and prison officials subsequently placed Newman in isolation. Prison officials denied his request for re-classification. Newman requests $2.5 million and the best back

specialist "to look after him for a while and give him pain medications."

The court conditionally filed the action and advised Newman that he failed to state a claim upon which relief may be granted. The order was returned to the court as undeliverable, and the court resent the order to two possible forwarding addresses.

Newman received the order and submitted a letter, which I construe as Newman's first motion to amend and grant it under Federal Rule of Civil Procedure 15(a). Newman states the following in his letter. The classification officers, Sergeant Fuche and Corporals Dongee and Chapman assigned Newman to sleep on a concrete floor and then on a top bunk. (Letter (docket #9) 1.) Dr. Ofogh and nurse Jones did not provide Newman with x-rays or proper pain medication while he was incarcerated.[1] Newman wants to join these prison officials as defendants.

## II.

### A.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to

---

[1] Newman states in a subsequent letter addressed to the court, "I am willing to settle out of court if the price is right. . . . Make me a[] large offer and I may settle out of court[.] [I]f not we go all the way for [$]1.5 million, twice." (Letter (docket #10) 2.) I neither offer nor accept settlement proposals on behalf of litigating parties.

relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's grounds for relief "requires more than labels and conclusions. . . ." Id. Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). Newman fails to state a claim against the Lynchburg Adult Detention Center and Blue Ridge Regional Jail Authority because these entities are not persons subject to suit under § 1983. See McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890 (E.D. Va. 1992) (reasoning that local jails are part of the Commonwealth of Virginia and are not appropriate defendants in § 1983 actions).

B.

To state an Eighth Amendment claim for ineffective medical assistance, Newman must establish that either Ofogh or the nurse acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference occurs when a public official must have been personally aware of facts indicating a substantial risk of serious harm and the official actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). The prisoner must demonstrate that a defendant's action was "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

3

However, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Estelle, 429 U.S. 104-05; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); see Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence, but not a claim under the Eighth Amendment). A prisoner's disagreement with medical personnel over the course of his treatment does not state a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

A serious medical condition exists when it has been diagnosed by a physician as mandating treatment or the condition is so obvious that even a lay person would recognize the need for medical care. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990). A medical condition also qualifies as serious if a delay in treatment causes a lifelong handicap or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Newman does not allege how he informed the defendants of his medical concerns, how the defendants recognized a risk of harm, and whether the defendants subsequently refused to act despite their knowledge. Newman also fails to allege how his back injury qualifies as a serious medical need.

Newman also complains of temporarily sleeping on a concrete floor and being assigned to a top bunk. To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must similarly establish that the deprivation of a basic human need was objectively "sufficiently serious" and the prison official subjectively acted with deliberate indifference.

4

Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991). This second subjective component is satisfied when the prison official acts with deliberate indifference. Based upon the present allegations, Newman fails to establish how temporarily sleeping on the concrete floor or sleeping on the top bunk constitutes a lack of a basic human need so serious as to state a claim of "cruel and unusual punishment." Therefore, Newman fails to presently state any Eighth Amendment claim upon which relief may be granted.

C.

To establish a due process claim, an inmate must demonstrate that he was deprived of "life, liberty, or property by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must demonstrate either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force or that the confinement creates an atypical or significant hardship and that the state granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Sandin v. Conner, 515 U.S. 472, 483-84 (1995); see Beverati, 120 F.3d at 503 (stating that the determination of whether such an atypical and significant hardship exists is a question of law). Newman fails to establish deprivation of any life, liberty, or property interest in his housing or security assignments. Instead, Newman merely complains about sharing space with two other inmates and being placed in segregation. Therefore, Newman fails to state a due process claim upon which relief may be granted.

III.

For the foregoing reasons, I grant Newman's first motion to amend and dismiss his amended

complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 21st day of May, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge